UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ANDREW F., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19-cv-04194-SLD-JEH |
| ) | |
| ANDREW SAUL, ) | |
| ) | |
| Defendant. ) | |

ORDER

Before the Court are Plaintiff Andrew F.'s Motion for Summary Judgment, ECF No. 10; Defendant Commissioner of the Social Security Administration Andrew Saul's ("Commissioner") Motion for Summary Affirmance, ECF No. 12; Magistrate Judge Jonathan E. Hawley's Report and Recommendation ("R&R"), ECF No. 14, recommending that the Court deny Andrew's motion and grant the Commissioner's; Andrew's Objection to R&R, ECF No. 15; and the Commissioner's response thereto, ECF No. 16. For the reasons that follow, the Objection to R&R is SUSTAINED IN PART, the R&R is REJECTED IN PART and ADOPTED IN PART, the Motion for Summary Judgment is GRANTED IN PART, and the Motion for Summary Affirmance is DENIED.

BACKGROUND[1]

I.  **Procedural Background**

In 2015, Andrew applied for disability insurance benefits, alleging disability beginning July 9, 2013. His application was denied initially and on reconsideration. At Andrew's request, a hearing was held before an administrative law judge ("ALJ") on June 29, 2018. The ALJ

---

[1] Judge Hawley's R&R provides a detailed summary of the background of this case and the ALJ's decision. *See* R&R 1–5. The administrative record can be found at ECF No. 7. Citations to the record take the form: R. __.

1

issued a decision denying Andrew's claim for benefits on July 25, 2018. The Appeals Council denied Andrew's request for review, so the ALJ's July 25, 2018 decision is the final decision of the Commissioner. *See Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009). Andrew seeks judicial review of this decision pursuant to 42 U.S.C. § 405(g). Compl. ¶ 1, ECF No. 1. He filed a motion for summary judgment, and the Commissioner filed a motion for summary affirmance. The matter was referred to Judge Hawley for a recommended disposition, and he entered his R&R on November 3, 2020. Andrew timely filed an objection.

## II. ALJ Decision

The ALJ conducted the standard five-step sequential analysis set forth in 20 C.F.R. § 404.1520(a)(4), concluding that Andrew was not disabled. At step one, she found that Andrew had not engaged in substantial gainful activity since July 9, 2013, the alleged onset date. R. 15. At step two, she found that Andrew had the following severe impairments: spondylolisthesis of L5 on S1 with annular tear and foraminal stenosis status post surgery; cervical spine bilateral disk osteophyte at C4 to C5 and C6 to C7; and psoriatic arthritis. R. 15. At step three, she found that none of Andrew's impairments, considered alone or together, met or medically equaled the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 16. Next, the ALJ found that Andrew had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) except he could not work around unprotected heights, open flames, or dangerous moving machinery; could not climb ladders, ropes, or scaffolds; could only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; could not have concentrated exposure to extreme cold; and would need the ability to change positions from standing to sitting every hour. R. 17. At step four, she found that Andrew was not capable of performing his past relevant work. R. 21. At step five, she found that, considering Andrew's

age, education, work experience, and RFC, there were jobs existing in significant numbers in the national economy that he could perform. R. 22. Accordingly, she found that Andrew was not disabled. R. 23.

## DISCUSSION

### I. Legal Standards

When a magistrate judge considers a pretrial matter dispositive of a party's claim or defense, he must enter a recommended disposition. Fed. R. Civ. P. 72(b)(1). Parties may object within fourteen days of being served with a copy of the recommended disposition. *Id.* 72(b)(2). The district judge considers de novo the portions of the recommended disposition that were properly objected to and may accept, reject, or modify the recommended disposition or return it to the magistrate judge for further proceedings. *Id.* 72(b)(3). The district judge reviews the unobjected portions of the recommendation for clear error only. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The court reviews a decision denying benefits to determine only whether the ALJ applied the correct legal standard and whether substantial evidence supports the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (quotation marks omitted). The ALJ does not have "to provide a complete and written evaluation of every piece of testimony and evidence, but must build a logical bridge from the evidence to his conclusion." *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015) (quotation marks omitted). On review, the court cannot reweigh the evidence, decide questions of credibility, or substitute its own judgment but must "nonetheless conduct a critical review of the evidence." *McKinzey*, 641 F.3d at 889.

## II. Analysis

### a. Identification of Issues for Review

At summary judgment, Andrew made two arguments: that the ALJ's assessment of his subjective complaints was patently wrong and that the ALJ erred in addressing his RFC. Mem. Supp. Mot. Summ. J. 4–12, ECF No. 10-1.[2] The Commissioner argued that the RFC assessment was supported by substantial evidence because the ALJ properly considered the objective evidence, the medical opinion evidence, and Andrew's subjective symptoms. Mem. Supp. Mot. Summ. Affirmance 2–20, ECF No. 12-1. Judge Hawley recommends finding that the ALJ's subjective symptom analysis was not patently wrong, R&R 7–10, and that the ALJ's RFC determination was not erroneous because she properly considered the medical evidence, Andrew's subjective symptoms, and the medical opinion evidence of record, *id.* at 11–14. He concludes that "[s]ubstantial evidence supports the ALJ's Decision and the Decision is without legal error." *Id.* at 14.

Andrew "objects to the finding that the ALJ's Decision was based upon substantial evidence." Obj. 1. He argues that the "ALJ failed to properly assess the medical evidence,"

---

[2] Andrew also made a few other brief arguments that the Court finds unnecessary to address in detail. First, Andrew argued that it was "unclear whether the [vocational expert ("VE")] understood the amount of standing, walking, sitting, lifting, or carrying based on" the ALJ's hypothetical question about what a person limited to light work could do, which did not define light work or specify what parts of the light work definition she was relying on. Mem. Supp. Mot. Summ. 8. Judge Hawley recommends rejecting this argument because "understanding the definition of 'light work' is part of the VE's job" and the VE testified that he was familiar with the regulatory definition of light work. R&R 11. Andrew does not object to this recommendation, and the Court finds no clear error. Second, Andrew made a confusing argument about the Medical Vocational Guidelines ("Grids"). Mem. Supp. Mot. Summ. J. 9. He filed a reply which attempted to clarify this argument. *See* Reply Br. 2–3, ECF No. 13. As best the Court can tell, he was trying to argue that the ALJ should have found him limited to sedentary work and if she had, he would have been found to be disabled. *See id.* at 2. This is essentially the same as his argument that the ALJ's RFC finding was erroneous. *See* R&R 13–14 (addressing Andrew's "Grids argument" along with his argument about the RFC and finding that "[t]he ALJ did not err in assessing the evidence supportive of a limitation to sedentary work simply because she determined it was outweighed by the evidence supportive of a limitation to light work with additional restrictions"). Judge Hawley noted, however, that to the extent Andrew was arguing that he should be considered disabled under the Grids if unable to do the full range of light work, that argument was "mistaken . . . because the [G]rid rules apply only when the RFC is for a full range of work at a particular exertional level." R&R 13 n.4. Andrew does not object to this conclusion, and the Court finds no clear error.

4

citing to the entirety of his summary judgment memorandum, which, he argues, "led to an inappropriate residual functional capacity finding that failed to include all of [his] restrictions." *Id.* He also argues that "the Commissioner's arguments constitute forbidden after-the-fact speculation," but does not elaborate any further. *Id.*

Arguably, this objection is not specific enough to trigger de novo review. Federal Rule of Civil Procedure 72(b)(2) requires "specific written objections." The Seventh Circuit interprets this, however, to mean that a party must only "specify each issue for which review is sought and not the factual or legal basis of the objection." *Johnson*, 170 F.3d at 741. Local Rule 72.2(B) appears to require more, mandating that a party "specifically identify the portions of the report and recommendation to which objection is made and the basis for the objection." Andrew's objection does not specifically identify which portions of the R&R he objects to; indeed, he fails to cite to the R&R entirely. He simply states that he objects to the ultimate conclusion that the decision was supported by substantial evidence.[3] In light of the limited specificity required by the Seventh Circuit, however, the Court concludes based on reading the record as a whole that Andrew has sufficiently identified one issue for review: whether the ALJ erred in concluding that the medical evidence contradicted his subjective reports of limitation. The crux of Andrew's argument throughout the briefing has been that the ALJ erred in evaluating the objective medical evidence and discounting his statements about his limitations. *See* Mem. Supp. Mot. Summ. J. 9 ("The ALJ failed to consider evidence that supported [Andrew's] allegations, which makes this determination patently wrong."); *id.* at 10–11 (highlighting the objective evidence which supported Andrew's allegations of balance problems, weakness, and instability and records of a

---

[3] In another case handled by Andrew's counsel, the Court found that an almost identical objection was arguably not specific enough for review. *See Lewis v. Berryhill*, No. 4:17-cv-04172-SLD-JEH (C.D. Ill. Sept. 18, 2018). In the future, counsel is admonished to follow the Local Rules and identify specific portions of the R&R when filing objections.

5

slow gait, the need for gait training, limping, antalgic gate, deviated gait, and limited range of motion); *id.* at 11 ("This incorrect evaluation of the evidence is legal error and warrants a remand or reversal."); *id.* at 12–13 (failing to make a substantively new argument that the ALJ erred in assessing his RFC and instead merely noting that "[a]s noted above, the ALJ failed to consider both medical and non-medical evidence and failed to consider the aggregate effects of [Andrew's] impairments when assessing the RFC"). His argument that the Commissioner engaged in impermissible post-hoc rationalization is waived as undeveloped because he identifies no specific arguments that he believes constitute such post-hoc rationalization. *See Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived . . . ." (quotation marks omitted)).

### b. Evaluation of the Medical Evidence in Comparison to Andrew's Statements

Social Security Regulation ("SSR")[4] 16-3p, 2017 WL 5180304 (Oct. 25, 2017), sets forth the two-step analysis an ALJ must follow when evaluating a claimant's subjective symptoms. First, the ALJ must consider whether the individual has a medically determinable impairment "that could reasonably be expected to produce an individual's symptoms." *Id.* at *3. If he does, the ALJ must "evaluate the intensity and persistence of those symptoms to determine the extent to which the symptoms limit [the] individual's ability to perform work-related activities." *Id.* At the second step, the ALJ must consider "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and

---

[4] SSRs "are interpretive rules intended to offer guidance to agency adjudicators. While they do not have the force of law or properly promulgated notice and comment regulations, the agency makes SSRs binding on all components of the Social Security Administration." *Nelson v. Apfel*, 210 F.3d 799, 803 (7th Cir. 2000) (quotation marks omitted); *see* 20 C.F.R. § 402.35(b)(1).

any other relevant evidence in the individual's case record." *Id.* at *4.  Even if a court would assess the claimant's subjective symptoms differently, it "overturn[s] an ALJ's subjective symptom assessment 'only if the decision is patently wrong, meaning it lacks explanation or support,'" *Ronald B. v. Saul*, No. 18 C 5881, 2019 WL 3778070, at *5 (N.D. Ill. Aug. 12, 2019) (quoting *Cullinan v. Berryhill*, 878 F.3d 598, 603 (7th Cir. 2017)), or "if the ALJ fails to build an 'accurate and logical bridge' between the evidence and her conclusions," *id.* (quoting *Ribaudo v. Barnhart*, 458 F.3d 580, 584 (7th Cir. 2006)).

Here, the ALJ identified Andrew's statements at the hearing and in a function report that he was limited in "lifting, standing, sitting, bending, kneeling, and reaching," including that he "could only walk for fifteen minutes, and sit for twenty to twenty-five minutes at one time, and need[ed] to change positions every ten to fifteen minutes."  R. 17.  She found that his "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Andrew's] statements concerning the intensity, persistence and limiting effects of these symptoms [we]re not entirely consistent with the medical evidence and other evidence in the record."  R. 18.  She then endeavored to explain why.

She indicated that there was medical evidence supporting that Andrew was limited to reduced light capacity work.  R. 18.  She cited evidence dating from just after he was in a work accident in July 2013 through February 2017.  R. 18–19.  This evidence included an August 2013 MRI showing abnormalities in Andrew's spine, R. 18 (citing R. 375, 521–23); reports of tenderness and limited range of motion, R. 18–19 (citing R. 347, 375, 377, 465, 569, 607); reports of normal and intact sensation, R. 18–19 (citing R. 347, 377, 457, 594); reports of limping or abnormal gait, R. 19 (citing R. 594, 607); reports of normal or unremarkable gait, R. 18 (citing R. 457, 459); a record of his August 2014 back surgery, R. 18 (citing R. 486); and

7

records indicating Andrew was treated with physical therapy, R. 18 (citing R. 349–74, 380–90, 391–431), medication, R. 18 (citing R. 347, 586), and a lumbar epidural steroid injection, R. 18 (citing R. 495).

After detailing the medical evidence, the ALJ provided two reasons for finding that Andrew's "overarching allegations of disability [we]re less than fully consistent with the overall evidence of record." R. 19.  First, though he testified at the hearing that he had tremors, "[t]here [wa]s no evidence that [Andrew] reported tremors, or that his physicians observed tremors, during examinations." R. 19.  And second, though Andrew testified that he could only walk for fifteen minutes, "the evidence of record showed [that he] generally had a normal gait, and could heel and toe walk." R. 19 (citing R. 457, 459, 461, 594).

The Court finds the ALJ's conclusion that the record undermined Andrew's claim that he could walk for only fifteen minutes not supported by substantial evidence.  First, though the ALJ cited two instances of Andrew having a normal gait, they were from two consecutive months: February and March 2015.  R. 19 (citing R. 457, 459).  She further noted one report from November 2014 which stated that Andrew had a slow gait that was otherwise unremarkable. R. 19 (citing R. 461).  She also, however, noted that Andrew was reported as limping two times: once in October 2016 and once in February 2017.  R. 19 (citing R. 594, 607).  It is unclear how the ALJ determined that Andrew "generally" had a normal gait when she cited almost as many instances of an abnormal gait as a normal gait and it appears that his limp worsened over time.

Moreover, she fails to cite to many more instances of Andrew having gait issues even around the time he was noted to have a normal gait.  *See* R. 469 (Sept. 3, 2013 "mildly antalgic"); R. 389 (Oct. 9, 2013 abnormal gait); R. 383 (Oct. 11, 2013 abnormal gait); R. 380 (Nov. 7, 2013 abnormal gait); R. 462 (Oct. 9, 2014 noting that his gait was "slow but

unremarkable" but recommending that Andrew undergo "gait training"); R. 430 (Feb. 9, 2015 deviated gait); R. 437 (Mar. 26, 2015 "slow, consistent gait deviation"); R. 609 (May 5, 2017 limp); R. 611 (Sept. 8, 2017 limp); R. 615 (Dec. 15, 2017 limp); R. 617 (Mar. 9, 2018 limp). The conclusion that Andrew "generally" had a normal gait is not supported by substantial evidence where the ALJ ignored significant evidence undermining that conclusion. *See Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding.").

Furthermore, even if he did generally have a normal gait at examinations and was once able to walk heel to toe (which even the record the ALJ cites to notes was only for "multiple steps," R. 594), that does not necessarily undermine his claim that he cannot walk for more than fifteen minutes at a time. *Cf. Frank R. v. Saul*, No. 3:20cv315, 2021 WL 236608, at *11 (N.D. Ind. Jan. 25, 2021) ("[T]hat Plaintiff was observed walking normally in doctors' offices does not mean he was able to walk further, or longer than that . . . ."); *Lovato v. Saul*, No. 2:19-CV-294-RLM, 2020 WL 3249191, at *1 (N.D. Ind. June 16, 2020) ("The determination that normal gait findings equate to an ability to stand or walk for more than 30 minutes at a time is more than the 'appropriate inferences' that an ALJ is permitted to make."); *Richard F. v. Berryhill*, No. 17 C 6552, 2019 WL 1651734, at *7 (N.D. Ill. Apr. 17, 2019) ("Plaintiff does not claim that he cannot walk evenly or that he is unable to walk on his toes or heels; rather, he alleges that he cannot walk on a sustained basis for more than short periods of time. The fact that plaintiff was able to walk 50 feet during Dr. Patil's examination does not address that issue."); *Parker v. Acting Comm'r of Soc. Sec. Admin.*, No. 1:16-CV-437-TLS, 2017 WL 4070647, at *6 (N.D. Ind. Sept. 14, 2017) ("[T]he Plaintiff himself thought that he could stand or walk for twenty minutes before

9

his back pain would become an issue. Unless the observation of a normal gait during the consultative exam was after twenty minutes of walking or standing, it was error to use it as evidence that the Plaintiff was not credible."); *cf. Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011) ("Dr. Villanueva noted that Scott successfully walked 50 feet without a cane within the confines of her office, but that brief excursion hardly demonstrates an ability to stand for 6 hours (and neither does Scott's testimony that she could walk 2 blocks).").

The ALJ's decision to discount Andrew's statement that he could not walk longer than fifteen minutes is not supported by substantial evidence. As the ALJ relied on this assessment of the evidence in formulating the RFC—and additionally relied in part on this reasoning to discount a functional capacity evaluation which indicated that Andrew could only occasionally walk, R. 20—the Court finds the RFC finding is not supported by substantial evidence either. The Court, therefore, must reverse the Commissioner's decision and remand the case to the agency so it can reconsider the evidence regarding Andrew's ability to walk.

To the extent Andrew also contends that the ALJ erred in discounting his allegations of tremors or shaking due to pain, Mem. Supp. Mot. Summ. J. 9, the Court finds the ALJ's decision supported by substantial evidence and adequately explained. Andrew argues that "[b]alance problems, weakness, and instability were noted during multiple appointments." *Id.* at 10. But Andrew fails to explain how records showing balance problems, weakness, and instability support his allegation that he had tremors and his body shook due to pain. The ALJ did not err in discounting those allegations on the basis that there was no evidence Andrew had reported tremors or shaking to medical professionals or was observed to tremor or shake.

## CONCLUSION

Accordingly, Plaintiff Andrew F.'s Objection to Report and Recommendation, ECF No. 15, is SUSTAINED IN PART. Magistrate Judge Jonathan E. Hawley's Report and Recommendation ("R&R"), ECF No. 14, is REJECTED IN PART. The R&R is ADOPTED insofar as it finds the ALJ did not err in considering evidence of Andrew's tremors and shaking and rejects Andrew's arguments about the Medical Vocational Guidelines and question to the vocational expert. The R&R is REJECTED insofar as it finds the ALJ did not err in assessing Andrew's subjective symptoms and RFC. Andrew's Motion for Summary Judgment, ECF No. 10, is GRANTED IN PART, and Defendant Commissioner of the Social Security Administration Andrew Saul's Motion for Summary Affirmance, ECF No. 12, is DENIED. Andrew's motion is GRANTED as explained in this Order and to the extent it asks for the cause to be remanded for further proceedings.[5] The Commissioner's decision denying benefits to Andrew is REVERSED and the cause is REMANDED for further proceedings consistent with this Order. The Clerk is directed to enter judgment and close the case.

Entered this 26th day of March, 2021.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] He alternatively asks for the Court to "remand[] for the calculation and payment of benefits." Mem. Supp. Mot. Summ. J. 12.