UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ANDREW F., | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:19-cv-04194-SLD-JEH |
| KILOLO KIJAKAZI,[1] | ) ) ) |
|     Defendant. | ) |

## ORDER

Before the Court is Plaintiff Andrew F.'s motion for attorney's fees, ECF No. 19. Andrew requests that the Court award him $6,444.00 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1), which provides that a court may award fees and expenses to a prevailing party in any civil action brought by or against the United States. For the following reasons, the motion is GRANTED IN PART.

## BACKGROUND

Andrew filed this suit on October 4, 2019, seeking judicial review of the Commissioner of Social Security's ("the Commissioner") final decision denying his claim for disability insurance benefits. Compl. 1, ECF No. 1. On February 28, 2020, Andrew moved for summary judgment, ECF No. 10, and the Commissioner moved for summary affirmance on April 24, 2020, ECF No. 12. Magistrate Judge Jonathan E. Hawley issued a Report and Recommendation ("R&R") recommending that Andrew's motion be denied and the Commissioner's motion be granted. November 3, 2020 R&R 1, ECF No. 14.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi, Acting Commissioner of Social Security, is substituted for her predecessor. The Clerk is directed to update the docket accordingly.

The Court adopted in part and rejected in part the R&R, granting Andrew's motion in part; denying the Commissioner's motion; reversing the Commissioner's decision; and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g).  Mar. 26, 2021 Order 11, ECF No. 17.  Judgment was entered on March 26, 2021.  Judgment, ECF No. 18.

Andrew filed the instant motion on April 9, 2021.  On April 23, 2021, the Commissioner filed a response opposing Andrew's motion.  Resp. Mot. EAJA Fees, ECF No. 20.  The Commissioner argues that Andrew is not entitled to attorney's fees because the government's position was "substantially justified," *id.* at 1–2 (quoting 28 U.S.C. § 2412(d)(1)(A)); in the alternative, the Commissioner contends Andrew's hourly rate calculations are unsupported, *id.* 2–4.

## DISCUSSION

### I.   Attorney's Fees Under the EAJA

Under the EAJA, a successful litigant against the federal government is entitled to recover his attorney's reasonable fees if: (1) he is a "prevailing party"; (2) the government's position was not "substantially justified"; (3) there exist no special circumstances that would make an award unjust; and (4) he filed a timely application with the district court.  28 U.S.C. § 2412(d)(1)(A); *Krecioch v. United States*, 316 F.3d 684, 687 (7th Cir. 2003).

First, Andrew is a "prevailing party" within the meaning of the EAJA by virtue of having had judgment entered in his favor and his case remanded to the Commissioner for further review. *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (finding that a remand "which terminates the litigation with victory for the plaintiff" confers prevailing party status under the EAJA); *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989) (deeming prevailing party status appropriate when "the plaintiff has succeeded on 'any significant issue in

litigation which achieve[d] some of the benefit the parties sought in bringing suit'" (alteration in original) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978))).

The next question is whether Andrew's request for attorney's fees is timely. Section 2412(d)(1)(B) requires that a party seeking an award of fees submit to the court an application for fees and expenses within 30 days of final judgment in the action. The term "final judgment" refers to judgments entered by a court of law, not decisions rendered by an administrative agency. *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). Moreover, in Social Security cases involving a remand, the filing period for attorney's fees does not begin tolling until the judgment is entered by the court, the appeal period has run, and the judgment has thereby become unappealable and final. *Id*. at 102; *Schaefer*, 509 U.S. at 302 ("An EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—*i.e.*, 30 days after the time for appeal has ended."). Here, judgment was entered on March 26, 2021, and Andrew filed the instant motion on April 9, 2021, 14 days later. Either party would have had 60 days to appeal, *see* Fed. R. App. P. 4(a)(1)(B), plus the 30-day allowance in accordance with Section 2412(d)(1)(B). Because Andrew's motion for attorney's fees falls within this 90-day window, the Court finds his request is timely.

The next issue is whether the government's position was "substantially justified." Attorney's fees may be awarded if either the Commissioner's litigation position or her pre-litigation conduct lacked substantial justification. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). For the Commissioner's position to have been substantially justified, it must have had reasonable factual and legal bases and a reasonable connection between the facts and her legal theory. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). "[C]ursory and inadequate analysis of an important point . . . usually will not be enough to poison . . . the

3

commissioner's defense of the opinion." *Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011) (quotation marks omitted). Rather, "it typically takes something more egregious than just a run-of-the-mill error in articulation to make the commissioner's position unjustified—something like the ALJ's ignoring or mischaracterizing a significant body of evidence, or the commissioner's defending the ALJ's opinion on a forbidden basis." *Id.* at 860.

Crucially, the Commissioner has the burden of proving that her position was substantially justified. *Golembiewski*, 382 F.3d at 724 (citing *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)). Here, the Commissioner argues that her position was substantially justified because "the [C]ourt affirmed the Commissioner on all but one issue, and . . . the magistrate judge found in the Commissioner's favor on that issue." Resp. Mot. EAJA Fees 2.

As an initial matter, the fact that Judge Hawley's R&R recommended denying Andrew's motion for summary judgment and granting the Commissioner's motion for summary affirmance does not, by itself, demonstrate that the Commissioner's position was substantially justified. *See Sammie R. v. Berryhill*, No. 16 CV 6358, 2019 WL 1057355, at *2 n.2 (N.D. Ill. Mar. 6, 2019) ("It is worth noting that Magistrate Judge Mason's opinion affirming the ALJ's opinion does not alone render the Commissioner's position substantially justified."); *Henderson v. Barnhart*, 257 F. Supp. 2d 1163, 1168 (E.D. Wis. 2002) (rejecting the Commissioner's argument that "because the magistrate judge . . . recommended that the ALJ's decision be affirmed[,] her position must be 'substantially justified'"); *cf. United States v. Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d 378, 386 (7th Cir. 2010) ("It could be argued . . . the fact that the government was able to persuade a federal judge that it had not only a reasonable case, but a winner, should create an irrebuttable presumption that the government's position was substantially justified. We

disagree."). "[T]he Supreme Court has entrusted the question [of] whether the commissioner's position is substantially justified to the discretion of the district court." *Bassett*, 641 F.3d at 859.

Furthermore, courts "should not mechanically count arguments" to determine the issue of substantial justification under the EAJA. *Suide v. Astrue*, 453 F. App'x 646, 649 (7th Cir. 2011) (quotation marks omitted). "Regardless of the basis of the remand order, the judge [i]s required to look at the government's overall conduct." *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009); *see also Marcus*, 17 F.3d at 1036 ("[T]he district court is to make only one determination for the entire civil action."). Although a district court "ought to keep in mind that some of the claimant's attacks on the ALJ's opinion did not hold any water," *Bassett*, 641 F.3d at 860, here, the Court did not reach the merits of Andrew's underdeveloped arguments. *See Andrew F. v. Saul*, Case No. 4:19-cv-04194-SLD-JEH, 2021 WL 1156618, at *2–3 (C.D. Ill. Mar. 26, 2021). Of those arguments the Court did consider, the Court found that "[t]he ALJ's decision to discount Andrew's statement that he could not walk longer than fifteen minutes [wa]s not supported by substantial evidence . . . [and] the [Residual Functional Capacity] finding [wa]s not supported by substantial evidence either." *See id.* at *3–5. However, the Court also found that the ALJ did not err in discounting Andrew's allegations of tremors and shaking because the ALJ's decision was supported by substantial evidence, the ALJ's decision was adequately explained, and Andrew failed to explain how his medical records supported his allegations. *See id.*

The Commissioner makes no substantive argument to demonstrate that the ALJ's decision to discount Andrew's statement regarding his ability to walk was substantially justified. *See* Resp. Mot. EAJA Fees 1–2. The Court found that, in discounting Andrew's statement, the ALJ "ignored significant evidence" in the record that contravened her conclusion. *See Andrew*

*F.*, 2021 WL 1156618, at *4 (collecting examples). Here, "the ALJ's ignoring or mischaracterizing a significant body of evidence" is "more egregious than just a run-of-the-mill error in articulation," *Bassett*, 641 F.3d at 860; *see also Embry v. Colvin*, No. 12 C 3685, 2015 WL 4720106, at *3 (N.D. Ill. Aug. 4, 2015) (finding the government's position was not substantially justified where the ALJ "ignored many facts" on an important issue)—and, fatally, the Commissioner offers no argument to demonstrate otherwise, as is her burden under the EAJA, *Golembiewski*, 382 F.3d at 724. Accordingly, the Court finds that the Commissioner's position was not substantially justified. *See Trump v. Colvin*, No. 12 C 6194, 2015 WL 970111, at *2 (N.D. Ill. Mar. 2, 2015) ("The Commissioner does not meet her burden simply by reciting case law and general legal principles without addressing any of the facts of this case and without offering any argument as to why her position in this case was substantially justified.").

Finally, no special circumstances exist that would make an award of attorney's fees unjust. Therefore, Andrew is entitled to recover reasonable attorney's fees under the EAJA.

## II. Reasonableness of Andrew's Attorney's Fees

It is a successful litigant's burden to prove that the attorney's fees he requests are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Reasonable fees are calculated by multiplying the appropriate number of hours worked by a reasonable hourly rate. *Id.* at 433. The rate is calculated with reference to prevailing market rates and capped at $125 per hour unless the court determines that "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved," warrants a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A). The Seventh Circuit has set forth the following standard for EAJA claimants seeking a higher hourly rate:

> An EAJA claimant seeking a cost-of-living adjustment to the attorney fee rate need not offer either (1) proof of the effects of inflation on the particular

attorney's practice or (2) proof that no competent attorney could be found for less than the requested rate. Instead, an EAJA claimant may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience. An affidavit from a single attorney testifying to the prevailing market rate in the community may suffice to meet that burden.

*Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015).

To determine the appropriate number of hours worked, the Court turns to Andrew's attorney's itemization of hours. Itemization Hours, ECF No. 19-2. The itemization shows that Andrew's attorney spent a total of 19.6 hours[2] on his case. *Id.* The itemization also shows that Andrew's attorney's paralegal spent a total of 5.2 hours on his case. *Id.* The Court finds that all 19.6 hours spent by the attorney and 5.2 hours spent by the paralegal were appropriately billed. *Cf. Kinsey-McHenry v. Colvin*, Cause No. 2:12-CV-332-PRC, 2014 WL 1643455, at *3 (N.D. Ind. Apr. 23, 2014) (noting that courts within the Seventh Circuit have found 40 to 60 hours expended on a Social Security appeal reasonable).

Andrew asserts that his attorney's work should be compensated at an hourly rate of $285.00. Mem. Supp. Mot. EAJA Fees 5, ECF No. 19-1. To justify the requested rate, he points to the change in the consumer price index for urban consumers nationwide ("CPI-U") between when Congress set the initial $75 statutory rate cap in 1981 and the July 2019 CPI-U.[3] *Id.* at 4–5. Andrew calculates this adjusted hourly rate to be $229.40, *id.*, but contends a higher hourly

---

[2] The itemization indicates that Andrew's attorney spent an additional 0.8 hours "[r]eview[ing] [his] file for [f]ederal [c]ourt," *see* Itemization Hours, but the itemization also indicates that she did not charge for this initial review and those hours are not reflected in her calculation of the total number of hours presented to the Court.

[3] Andrew explains that July 2019 is the appropriate reference point because his attorney performed "[a] large part of work . . . during that month." Mem. Supp. Mot. EAJA Fees 5 n.2. But the itemization of hours indicates no work was performed in July 2019: The first entry is dated August 26, 2019, the last entry is dated April 9, 2021, and the majority of entries occurred in February 2020. *See* Itemization Hours. Moreover, Andrew's calculations use a CPI-U of 258.68. *See* Mem. Supp. Mot. EAJA Fees 4–5. But 258.68 appears to be the February 2020 CPI-U. *See CPI for All Urban Consumers (CPI-U)*, U.S. Bureau of Labor Statistics, https://www.bls.gov/regions/mid-atlantic/data/consumerpriceindexhistorical_us_table.htm (last visited November 4, 2021) (indicating the July 2019 CPI-U was 256.571 and the February 2020 CPI-U was 258.678).

rate of $285.00 is reasonable because his case was taken on a contingency basis; his counsel's normal contingency rate is $325.00 per hour; and two fee matrices—the Laffey Matrix and the U.S. Attorney's Office 2015-2019 Attorney's Fee Matrix—indicate that hourly rates of $491.00 and $747.00 are reasonable for experienced attorneys in the District of Columbia, *id.* at 5. Finally, Andrew's attorney and another attorney attest that an hourly rate of $285.00 is reasonable for attorneys with similar qualifications and skills in a federal Social Security case. Dietzenbach Aff. ¶ 3, ECF No. 19-3 at 1; Murphy Aff. ¶¶ 3–4, ECF No. 19-4.

The Commissioner argues that Andrew's hourly rate calculations are unsupported. Resp. Mot. EAJA Fees 2–3. The Commissioner contends that the regional Midwest CPI, not the national CPI-U, should be used, resulting in a fee award of $3,883.26. *Id.* at 3.

The Commissioner makes no argument as to why the regional CPI is better suited to this case, so the Court follows Andrew's lead and uses the national CPI-U. *See Sprinkle*, 777 F.3d at 428 n.2 ("We . . . leave to the discretion of the district courts whether to adopt the national or regional index in specific cases."). Nevertheless, the Court finds that although an increase above the statutory ceiling is warranted, an hourly rate of $285.00 is unsupported because neither the fact that Andrew's attorney took his case on contingency nor District of Columbia attorney's fee matrices appear to be "special factor[s], such as the limited availability of qualified attorneys for the proceedings involved . . . [that] justif[y] a higher fee," 28 U.S.C. § 2412(d)(2)(A).

To determine what fee increase above the statutory ceiling may be authorized, courts look to the ratio of the CPI at the time legal services were rendered to the CPI at the time the current statutory ceiling of $125 was set (March 1996). The $125 limit is multiplied by this ratio to determine the proportional change in rate. *See, e.g.*, *Booker v. Colvin*, No. 09 C 1996, 2013 WL

2147544, at *6 (N.D. Ill. May 16, 2013); *Carnaghi v. Astrue*, No. 11 C 2718, 2012 WL 6186823, at *5 (N.D. Ill. Dec. 12, 2012).

The work in this case was performed between August 2019 and April 2021. Itemization Hours. The average national CPI during that period, calculated using the CPI of every month from August 2019 to April 2021, is 259.386. *See CPI for All Urban Consumers (CPI-U)*, U.S. Bureau of Labor Statistics, https://data.bls.gov/timeseries/CUUR0000SA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true (last visited November 4, 2021) (change output options to from 1996 to 2021). As the CPI in March 1996 was 155.7, *id.*, the CPI increased by a factor of 1.66593. An increase of the $125 statutory cap to $208.24 is therefore warranted. The Court thus finds that an hourly rate of $208.24 is reasonable. *See Sprinkle*, 777 F.3d at 428 ("Courts should generally award the inflation-adjusted rate according to the CPI, using the date on which the legal services were performed." (footnote omitted)). Using that rate, the total amount of attorney's fees for the 19.6 hours of work Andrew's attorney performed is $4,081.50. This amount is reasonable. *See, e.g.*, *Miller v. Comm'r Soc. Sec.*, CAUSE NO. 1:16-cv-00122-SLC, 2018 WL 5668934, at *3, *5 (N.D. Ind. Nov. 1, 2018) (awarding an hourly rate of $190.00 for a total of $11,457.00 in fees and collecting cases approving similar rates).

Finally, Andrew requests his paralegal receive an hourly rate of $165.00. Mem. Supp. Mot. EAJA Fees 5. To justify the requested rate, he cites an affidavit from a local attorney who attests that $165.00 is a reasonable hourly rate for a paralegal. Thein Aff. ¶ 3, ECF No. 19-3 at 2. He also cites the Laffey Matrix, which indicates that in the first five months of 2020 a $203.00 hourly rate for paralegals was reasonable. *See* Mem. Supp. Mot. EAJA Fees 5. The Commissioner responds that the Laffey Matrix is not binding on courts in the Seventh Circuit

and contends the appropriate hourly rate is not more than $100.00. Resp. Mot. EAJA Fees 3–4. The Court agrees that the Laffey Matrix, "a chart of hourly rates for attorneys and paralegals in the Washington, D.C. area," *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 649 (7th Cir. 2011), is at best a useful starting point, and not particularly dispositive, as to the prevailing market rate for paralegals in the Central District of Illinois. *See id.* at 649–50 (noting that although courts outside the District of Columbia have applied the Laffey Matrix, only the D.C. Circuit has formally adopted it while other courts "have viewed it with differing levels of praise and skepticism" and expressed concerns about its utility in other geographic areas). Finding that an hourly rate of $100.00 is more in line with the market rate for paralegal work in this geographic area, *see, e.g.*, *Mark W. v. Saul*, No. 4:18-cv-04064-SLD-JEH, 2019 WL 7500526, at *3 (C.D. Ill. Sept. 23, 2019), the Court finds that an hourly rate of $100.00 is reasonable for the paralegal work in this case. Using that rate, the total amount of fees for the 5.2 hours of work performed by the paralegal is $520.00.

## CONCLUSION

Accordingly, the motion for attorney's fees, ECF No. 19, is GRANTED IN PART. Plaintiff Andrew F. is awarded $4,601.50 in EAJA fees representing the total of $4,081.50 in attorney's fees and $520.00 in paralegal fees. This amount may be offset to satisfy any pre-existing debt that Andrew owes to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). Andrew has assigned his right to EAJA fees to his attorney, Att'y Fee Agreement, ECF No. 21-2, so if the Commissioner can verify that Andrew does not owe a pre-existing debt to the United States subject to offset, the Commissioner will direct that the award be made payable to Andrew's counsel. *See Mathews-Sheets v. Astrue*, 653 F.3d 560, 565–66 (7th Cir. 2011), *overruled on other grounds by Sprinkle*, 777 F.3d 421. If Andrew does owe a pre-existing debt

subject to offset in an amount less than the EAJA award, the Commissioner will instruct the U.S. Department of the Treasury that any check for the remainder after offset be made payable to Andrew and mailed to the business address of Andrew's attorney.

    Entered this 15th day of November, 2021.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
