UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ANDREW F., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:19-cv-04194-SLD-JEH |
| | ) |
| KILOLO KIJAKAZI, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

Before the Court is Plaintiff Andrew F.'s Motion for Attorney's Fees Under 42 U.S.C. § 406(b), ECF No. 21. For the following reasons, the motion is GRANTED.

## BACKGROUND

On October 4, 2019, Andrew filed a complaint seeking review of the Acting Commissioner of Social Security's ("the Commissioner") final decision denying his claims for disability insurance benefits. Compl. 1, ECF No. 1. This Court reversed the Commissioner's decision and remanded Andrew's case to the Commissioner for further proceedings. Mar. 26, 2021 Order 11, ECF No. 17. On remand, an administrative law judge ("ALJ") issued a decision partially in favor of Andrew. *See* Not. Decision 1, ECF No. 21-3 at 1–3. The Social Security Administration awarded Andrew $51,308.00 in total past-due benefits. *See* Not. Award 3, ECF No. 21-3 at 22–27 (indicating $51,308.00 in past-due benefits for January 2017 through September 2021).

Andrew agreed to pay his attorney, Jodee Dietzenbach, 25 percent of all past-due benefits. *See* Att'y Fee Agreement 1, ECF No. 21-2. Through Andrew's instant motion, Dietzenbach now requests that the Court award her $12,000.00 in attorney's fees for work

performed representing Andrew before this Court. Mot. Att'y Fees 2. The Commissioner does not oppose this request. Resp. Mot. 2, ECF No. 23.

### DISCUSSION

The Social Security Act allows a court to award "a reasonable fee for . . . representation" of a claimant who prevails in court. 42 U.S.C. § 406(b)(1)(A). This fee must not be "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." *Id.*; *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 795 (2002) ("The fee is payable out of, and not in addition to, the amount of [the] past-due benefits." (alteration in original) (quotation marks omitted)). In considering whether the requested amount is reasonable, the court looks to the "character of the representation and the results the representative achieved." *See Gisbrecht*, 535 U.S. at 808. "If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Id*. And "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id*.

The $12,000.00 requested for attorney's fees here is consistent with the fee agreement. And the Court finds that the amount is reasonable. Andrew's counsel spent 19.6 hours litigating this case in court, with a further 5.2 hours performed by paralegals. Itemization Hours 1, ECF No. 21-5. Counting only the work performed by attorneys results in an effective hourly rate of $612.24. Other courts in the Seventh Circuit have approved awards that result in higher effective rates. *See, e.g.*, *Hopkins v. Saul*, CAUSE NO.: 4:17-CV-36-TLS-JEM, 2020 WL 2466182, at *2 (N.D. Ind. May 13, 2020) (effective hourly rate of $703.80); *Hoover v. Saul*, CAUSE NO.: 1:16-CV-427-TLS, 2019 WL 3283047, at *2 (N.D. Ind. July 22, 2019) (effective hourly rate of $800.00). The Court further notes that this rate is reasonable in light of the contingent nature of

representing claimants in Social Security cases.[1]  *See Hoover*, 2019 WL 3283047, at *2 (noting that the effective rate was "well within the range of reasonableness given the [p]laintiff's attorney's years of experience, the contingent nature of this representation, and the fees that have been approved in similar cases in this District").  Moreover, the results achieved for Andrew—over $50,000.00 in past-due benefits—are great, further justifying the amount of fees to be awarded to Andrew's court counsel.  *See, e.g.*, *Mora v. Saul*, No. 1:18-cv-00739-SEB-TAB, 2019 WL 5566444, at *2 (S.D. Ind. Oct. 28, 2019) (considering the amount of benefits the plaintiff was awarded).

Dietzenbach has already received $4,601.50 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA").  *See* Nov. 15, 2021 Order 10–11, ECF No. 22.  An attorney cannot recover fees under both 42 U.S.C. § 406(b) and the EAJA; she must either refund the amount awarded under the EAJA to the client or offset that amount from the requested § 406(b) award.  *See Gisbrecht*, 535 U.S. at 796; *Lightner v. Saul*, Case No. 3:17-CV-00206 JD, 2020 WL 2219171, at *1 (N.D. Ind. May 7, 2020).  Here, Dietzenbach indicates that she wishes to refund the amount received in EAJA fees to her client.  Mot. Att'y Fees 2.

## CONCLUSION

Accordingly, the Motion for Attorney's Fees Under 42 U.S.C. § 406(b), ECF No. 21, is GRANTED.  Attorney Jodee Dietzenbach is awarded $12,000.00 in attorney's fees to be paid

---

[1] A study cited by the Seventh Circuit Court of Appeals in 2011 suggested that only approximately 35 percent of Social Security cases appealed to district courts ultimately result in an award of benefits.  *See Martinez v. Astrue*, 630 F.3d 693, 695 (7th Cir. 2011).  An attorney who represents Social Security claimants is unlikely to get fees from most of his clients if few of them receive benefits.  The amount he receives from clients who do get an award of past due benefits, then, must be sufficient to incentivize him to represent the other clients for whom he may not get paid.  *Cf. Rasmussen v. Colvin*, No. 10 C 2344, 2013 WL 4537316, at *3 (N.D. Ill. Aug. 27, 2013) ("Moreover, because only 35% of disability appeals result in benefit awards, Counsel's effective hourly rate for all Social Security disability claims cases handled is substantially less than the $998 per hour realized in this case." (citing *Martinez*, 630 F.3d at 695)).

out of Plaintiff Andrew F.'s past-due benefits.  Dietzenbach is directed to refund the $4,601.50 received in EAJA fees to Andrew.

    Entered this 20th day of December, 2021.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
